IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD WESTBROOKS,  §<br>  Plaintiff, §<br> §<br>v. §<br> §<br>GMAC MORTGAGE, LLC and §<br>EXECUTIVE TRUSTEE SERVICES, §<br>  Defendants. § | Civil Action No. 3:12-CV-3719-M (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court is Defendants GMAC Mortgage, LLC and Executive Trustee Services, LLC's (collectively referred to as "Defendants") Motion for Judgment on the Pleadings (doc. 9), filed on December 14, 2012. Plaintiff Donald Westbrooks ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, the Court recommends that the District Court **GRANT** Defendants' Motion for Judgment on the Pleadings.

**Background**[1]

Plaintiff originally filed this lawsuit on July 2, 2012, in the 298th Judicial District Court of Dallas County, Texas. Defendants thereafter removed the action to this Court based on diversity jurisdiction. This dispute concerns real property located at 1301 Ranch Valley Drive, Desoto, Texas 75115 (the "Property"). (Pl.'s Pet. at 2.) Plaintiff filed this action to quiet title and to prevent an alleged wrongful foreclosure of the Property. (*Id.* at 1.) On May 19, 2003, Plaintiff took out a mortgage loan for the Property, executing

---

[1] These facts are taken from Plaintiff's Original Petition and Request for Discovery, Wrongful Foreclosure & Suit to Quiet Title and Declaratory Judgment (doc. 1, Ex. A-1, "Petition").

a promissory note (the "Note") in the amount of $153,000.00 payable to David Piccinini, Inc. (*Id.* at 25, Ex. A.) The Note is secured by a Deed of Trust. (*Id.* at Ex. A.) Plaintiff avers that the Deed of Trust is void and unenforceable because it was subsequently assigned to Defendants, and that assignment was not recorded as required by law. (*Id.* at 4-5.) Accordingly, Plaintiff claims that Defendants lack standing to foreclose on the Property, and he seeks a declaratory judgment from this Court declaring that Plaintiff is the owner of the Property free and clear of any lien in favor of Defendants. (*Id.* at 9.)

## **Standard of Review**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* Furthermore, a court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

Federal Rule of Civil Procedure 8(a) sets forth the pleading requirements in federal cases. The Rule states that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is to put the defendant on fair notice of what the

claim is and upon what grounds it rests. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleader's bare averment that he wants relief and is entitled to it does not suffice. *Twombly,* 127 S.Ct. at 1965-66.

To survive a motion for judgment on the pleadings, "the plaintiff must plead 'enough facts to state a claim that is plausible on its face.'" *Guidry,* 512 F.3d at 180 (quoting *Twombly,* 127 S.Ct. at 1974). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* The court should assume that all the factual allegations in the complaint are true, even if doubtful in fact. *Id.* The ultimate question in Rule 12(b)(6) and Rule 12(c) motions is whether the complaint states a valid claim for relief when it is viewed in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

**Analysis**

**Quiet Title**

In an action to quiet title under Texas law, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Rivera v. CitiMortgage, Inc.*, No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013) (quoting *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. Jun. 26, 2012)) (internal quotation marks omitted). A suit to quiet title declares the defendant's claim to title invalid or ineffective. *Id.* (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W. 3d 32, 42 (Tex.App.– Houston [1st Dist.] 2011, no pet.)). In order to quiet title, a plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001, no pet.).

Plaintiff contends that Defendants do not have standing to foreclose on the Property because the

assignment of the Deed of Trust was not recorded, thus rendering the Deed of Trust void and unenforceable. Based on this assertion, Plaintiff seeks to quiet title in his favor and requests the Court to issue a declaratory judgment "that Plaintiff is the owner of the property free and clear of any lien in favor of Defendants." (Pl.'s Pet. at 9.) Defendants counter that Plaintiff lacks standing to challenge the validity of the assignment of the Deed of Trust, and that even if Plaintiff did have standing, his allegation is not actionable.

Numerous district courts in Texas have held that a plaintiff lacks standing to challenge an assignment if the plaintiff is not a party to the assignment. *See, e.g., Eskridge v. Federal Home Loan Mortgage Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding the plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments). However, more recently, some district courts in Texas have recognized that "[a] debtor has standing to challenge an assignment on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only." *Rivera,* 2013 WL 1294009, at *2 (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.,* 523 S.W.2d 426, 430 (Tex.Civ.App.– Houston [1st Dist.] 1975, no writ)) (internal quotation marks omitted). *See also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (distinguishing between void and voidable assignments when analyzing whether one can challenge an assignment to which one is not a party); *Kramer v. Fed. Nat'l Mortg. Ass'n,* No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012) (same).

Here, Plaintiff alleges that the Deed of Trust is void and unenforceable because of a "broken chain of assignments" in that the assignment of the Deed of Trust from David Piccinini to Defendants was not recorded in the Dallas County property records. (Pl.'s Pet. at 4-5.) However, such alleged failure would

4

not render the assignment void, as it would not strip Defendants of their power to foreclose on the Property because there is no requirement in Texas that the deed of trust assignment must be recorded. *See Bittinger v. Wells Fargo Bank NA,* 744 F.Supp.2d 619, 625 (S.D. Tex. 2010). *See also Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (holding that transfers and assignments of liens do not need to be recorded prior to foreclosing on the property); *Denson v. First Bank & Trust of Cleveland,* 728 S.W.2d 876, 877 (Tex.App.– Beaumont 1987, no writ) (holding a deed of trust does not need to be recorded in order to convey title to the property); *Shaw v. Jackson,* 227 S.W. 520, 522 (Tex.Civ.App.– Beaumont 1920, no writ) (holding a valid lien was created despite the lien not being recorded in the county records). Furthermore, "[u]nder Texas law, the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded." *Bittinger,* 744 F.Supp.2d at 625 (citation omitted).

Because a lack of recording the assignment of the Deed of Trust prior to foreclosure cannot render the assignment void, the Court finds that Plaintiff lacks standing to challenge the assignment. Furthermore, assuming *arguendo* that Plaintiff did have standing, his allegation is not actionable under Texas law. Plaintiff's Petition fails to state a valid claim to quiet title, even when viewed in the light most favorable to Plaintiff. This Court, therefore, recommends the claim to quiet title be dismissed. Accordingly, the Court also recommends that the District Court refrain from issuing a declaratory judgment granting Plaintiff title of the Property free and clear of any lien in favor of Defendants.

**Wrongful Foreclosure**

To succeed on a claim for wrongful foreclosure under Texas law, a plaintiff must show: (1) a defect in the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the defect in the sale and the grossly inadequate selling price. *Charter Nat'l Bank–Houston v. Stevens*, 781

S.W.2d 368, 371 (Tex.App.– Houston [14th Dist.] 1989, writ denied). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect. Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.'" *Biggers v. BAC Home Loans Servicing*, *LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex.Civ.App.– Beaumont 1977, no writ); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex.App.– San Antonio 1998, no pet.)). A necessary element of a wrongful foreclosure action is an inadequate selling price, thus, "a foreclosure sale is a precondition to recovery." *Biggers,* 767 F.Supp.2d. at 730.

Here, there is no allegation that a foreclosure sale actually occurred. Instead, Plaintiff alleges a lack of standing on behalf of Defendants to foreclose on the Property because the Deed of Trust is void and unenforceable. Plaintiff is, in fact, still residing at the Property which is the subject of this lawsuit. (Pl.'s Pet. at 2) (Plaintiff alleges that he resides at 1301 Ranch Valley Drive, Desoto, Texas 75115). Because Plaintiff only alleges defects in the foreclosure process, and not an actual foreclosure sale, Plaintiff has failed to plead a plausible wrongful foreclosure claim. *See Biggers,* 767 F.Supp.2d at 730 (citations omitted). Accordingly, the Court recommends this claim be dismissed.

**Leave to Amend and Remaining Claims**

Pursuant to this Court's Scheduling Order (doc. 4), Plaintiff was afforded two months from the time this case was removed in which to amend his Petition without filing leave to amend. However, Plaintiff did not file an amended Petition. Additionally, he has not sought leave to amend from this Court and he did not file a response to Defendants' Motion for Judgment on the Pleadings. District courts typically allow plaintiffs at least one opportunity to amend their pleadings before dismissing a case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, leave to amend

need not be granted if "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id.* Here, the Court finds that affording Plaintiff leave to amend his quiet title and wrongful foreclosure claims would be futile because the defects are incurable. Accordingly, granting Plaintiff leave to amend is not necessary.

Because Plaintiff's remaining claims for breach of contract, fraud, negligence, violations of the Fair Debt Collection Practices Act, and violations of the Securities Act of 1933 seek monetary damages, such claims are subject to an automatic stay pursuant to section 362(a) of the Bankruptcy Code. *See* 11 U.S.C. § 362(a); (Doc. 1, Ex. A-12.) These claims should, therefore, be stayed.

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendants' Motion for Judgment on the Pleadings (doc. 9) and **DISMISS** Plaintiff's quiet title and wrongful foreclosure claims against Defendants with prejudice. It is, further, recommended that the District Court **STAY** Plaintiff's remaining claims and administratively close the case without prejudice to it being reopened after Defendants' bankruptcy proceedings are concluded or the bankruptcy stay is lifted.

**SO RECOMMENDED**, April 16, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).